# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Honorable Leda Dunn Wettre |
| v. | : | Mag. No. 20-13422 |
| FREDDIE SIMMONS | : | **CRIMINAL COMPLAINT** |

I, Robert Liput, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Task Force Officer with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

Continued on the attached page and made a part hereof:

_____
Robert Liput, Task Force Officer
Federal Bureau of Investigation

Sworn to and subscribed via telephone
September 9, 2020, New Jersey
Authorized telephonically pursuant to Fed. R. Crim. P. Rule 4.1

_____
HONORABLE LEDA DUNN WETTRE
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### COUNT ONE
(Possession of a Firearm and Ammunition by a Convicted Felon)

On or about July 23, 2020, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**FREDDIE SIMMONS,**

knowing that he had previously been convicted in the Superior Court of New Jersey, Essex County, of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting interstate commerce a firearm, namely a black 9mm Taurus handgun, bearing serial number ABB281971, which was loaded with thirteen (13) rounds of ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWO
(Possession with Intent to Distribute Heroin and Cocaine)

On or about July 23, 2020, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**FREDDIE SIMMONS,**

did knowingly and intentionally possess with the intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

**ATTACHMENT B**

I, Robert Liput, am a Task Force Officer with the Federal Bureau of Investigation. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and photographs of the evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about July 23, 2020, members of the Newark Police Department (the "law enforcement officers") were patrolling the area of Tremont Avenue and North Munn Avenue in Newark, New Jersey, due to a recent influx of narcotics activity and gun violence in that area.

2. While in that area, the law enforcement officers observed a group of males on the outer perimeter of the courtyard in the Bradley Court Housing Complex. They further observed an individual, later identified as Freddie Simmons ("SIMMONS") who was holding an object in a manner consistent with the handling of a pistol inside an unzipped black canvas bag, which was strapped across his chest. As the law enforcement officers approached in their vehicle, SIMMONS become aware of the law enforcement presence and turned away from the officers, still clutching an object inside his bag. SIMMONS then dropped the object within the bag, and the weight of the object caused the bag to shift suddenly. The law enforcement officers believed the object to be a firearm. As SIMMONS continued turning away from the officers, they observed the butt of a handgun through the open bag.

3. The law enforcement officers then exited their vehicle and approached SIMMONS on foot, as SIMMONS attempted to use his body to shield the officers' sight of his bag. The law enforcement officers then ordered SIMMONS to stop. SIMMONS ignored their commands and continued fleeing, eventually entering 74 North Munn Avenue. A law enforcement officer followed SIMMONS into the building, where he observed SIMMONS discard the canvas bag. SIMMONS then fled out of the building and was subsequently detained.

4. The law enforcement officers returned to 74 North Munn Avenue to retrieve the canvas bag that SIMMONS discarded. Upon searching the bag, the officers recovered the following:

> a. One black 9mm Taurus handgun, bearing serial number ABB281971 (the "Firearm"), which was loaded with thirteen (13) rounds of ammunition (the "Ammunition");

      b. 195 jugs of suspected cocaine; and

      c. 79 envelopes of suspected heroin stamped with various labels.

5. The officers also recovered $208.00 of United States Currency in various denominations.

6. Prior to being recovered in New Jersey on or about July 23, 2020, the Firearm and Ammunition moved in interstate commerce.

7. On or about July 11, 2016, SIMMONS was convicted of possession of a firearm during a controlled substance offense, in violation of N.J.S.A. 2C:39-4.1, a crime punishable by imprisonment for a term exceeding one year; and SIMMONS was sentenced to 6 years' incarceration.

8. On or about August 4, 2016, SIMMONS was convicted of distribution of controlled substances on school property, in violation of N.J.S.A. 2C:35-7, a crime punishable by imprisonment for a term exceeding one year; and SIMMONS was sentenced to 3 years' incarceration.